[No. 18036.   Department One.   May 28, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Coulee State Bank et al., Plaintiff*, v. E. L. FARNSWORTH, *as Director of Taxation and Examination, et al., Defendants.*[1]

BANKS AND BANKING (7)—INSOLVENCY—RELEASE OF CLAIMS— RESTORATION OF ASSETS—POWERS OF BANKING DEPARTMENT. In view of the purposes of the banking act, the banking department having possession of a bank for the purpose of liquidation has the right, and it is its duty, to return the bank to the directors without completing the liquidation, where all interested depositors, creditors and stockholders acknowledged satisfaction in full, and provided the department expenses incurred in the matter of the estate.

Application filed in the supreme court May 7, 1923, for a writ of mandamus to compel the state banking department to return to the directors the assets of an insolvent state bank pending liquidation. Granted.

*Merritt, Lantry & Baske,* for relators.

*The Attorney General* and *C. G. Jeffers, Assistant,* for defendants.

MACKINTOSH, J.—This action calls for an answer to the question whether the assets of an insolvent state bank in the hands of the supervisor of banking, for the purpose of liquidation, can be returned to the directors of the bank before the supervisor has completed liquidation. The pleadings and admissions of counsel present the following state of facts: the relators are the directors of the Coulee State Bank, which, on the 18th of January, 1923, was taken possession of by the defendant John P. Duke, as supervisor of banking of the state of Washington, for the reason that the bank was insolvent; that, since that date, the directors have set-

[1] Reported in 215 Pac. 355.

tled with the depositors and creditors and stockholders of the bank and that releases in the following form have been signed:

"I, the undersigned depositor of the Coulee State Bank having settled with the directors of said bank for the amount of my deposit in said bank, do hereby acknowledge full satisfaction of any claim that I may have by reason of said deposit, and I do hereby release said bank and John P. Duke, Supervisor of Banking, and all officers of the said Coulee State Bank and of the said John P. Duke, from any liability to me by reason of any claim I may have against said bank for any deposit that may have been in said bank at the time the said bank was closed and taken over by the said State Bank Examiner. Dated this ............ day of ............... , 1923." Witnessed.

It further appears that all these persons, being the only ones which might have any claim to the assets of the bank, have requested that such assets be turned back to the directors of the bank. It also appears that the relators are ready and willing to pay to the defendants all expenses which have been incurred by the banking department in the matter of this estate.

The first objection on the part of the banking department is that there is no allegation or showing that depositors or creditors have been paid. As we view the matter, this objection is without merit, for the reason that the depositors and creditors, although they may not have received cash for their claims, acknowledge "full satisfaction," and release all persons interested from liability. It can be of no moment what form this satisfaction took, and there remains but the one question whether the banking department has the power and it is its duty, under the circumstances, to comply with the relators' petition.

The state banking act, and more particularly §§ 3266 to 3277, Rem. Comp. Stat. [P. C. §§ 309, 320], inclu-

sive, outline the procedure to be adopted by the banking department in the event of a state bank's insolvency, and it was under § 3266, Rem. Comp. Stat. [P. C. § 309], that the defendant took possession of the property, and it is claimed that the property can only be restored under § 3275, Rem. Comp Stat. [P. C. § 318], and that advantage not having been taken of this last section, both the relators and the defendants are powerless to prevent the continuance of the liquidation by the department. Reference is made to § 3269, Rem. Comp. Stat. [P. C. § 312], which provides that the banking department taking possession of any bank ". . . shall proceed to collect the assets thereof, to preserve, administer and liquidate the business and assets of said corporation. . ." and to § 3277, Rem. Comp. Stat. [P. C. § 320], which provides that, when all claims have been paid and the expenses of administration, the department "shall wind up said corporation and shall distribute its assets to those entitled thereto."

As we read the act, it does not provide that the power of the banking department, as outlined in these sections describing the procedure where the bank remains in the hands of the department for liquidation, is exclusive. The purpose of the act was as far as possible to provide for the satisfaction of all claims of depositors and creditors and to save as much as possible for ultimate return to the stockholders. If all these interested depositors, creditors and stockholders have all their claims satisfied, the purpose sought by the act has been accomplished, and when they present themselves to the banking department and say that they have now been satisfied, and the department's expenses in the administration of the estate have been provided for, there would seem to be no reason in law or in com-

mon sense why the banking department should not then release to the directors the assets remaining in its hands. As we understand the situation here, the banking department acquiesces in this view of the matter, but makes formal resistance for the purpose of having its rights and duties judicially determined.

The question suggested must be answered thus; that the banking department not only has the right, but it is its duty, where all persons having any interest in the assets of an insolvent state bank in its hands for liquidation present to it full and sufficient proof of their release and discharge of all the bank's obligations to them, to turn back to the directors of the bank the remaining assets.

Writ granted.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.